# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **LLOYD J. DUPUIS** | **CIVIL ACTION NO. 06-1248** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on July 24, 2006 by *pro se* petitioner, Lloyd J. Dupuis, pursuant to 28 U.S.C. § 2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the Louisiana State Penitentiary. Petitioner challenges his June 12, 1989 second degree murder conviction which was entered in the Twenty-Seventh Judicial District Court, St. Landry Parish.

## LAW AND ANALYSIS

Petitioner admits that he attacked this same conviction in a previous federal petition for writ of *habeas corpus* filed in this court on February 19, 1998. [rec. doc. 1-4, p. 3; Court Exhibit 1, Docket Sheet *Lloyd J. Dupuis v. Warden Louisiana State Penitentiary*, Civil Action Number 6:98-cv-00302]. In the prior petition, Dupuis asserted that the trial court gave an unconstitutional reasonable doubt jury instruction in violation of the principles set forth in *Cage v. Louisiana*, 498 U.S. 39 (1990), that the court erred by admitting inadmissible hearsay in connection with the entry of a "firearms transaction record", that the trial court erred by not instruction the jury on an intoxication defense, and that he received ineffective assistance of counsel. That petition for federal *habeas*

*corpus* relief was denied and dismissed with prejudice by Judge Haik on May 10, 1999[1] and December 8, 1999, following a response by the State of Louisiana. [Court Exhibit 2, Judgments and Report and Recommendation]. This court's judgment denying and dismissing petitioner's claims was affirmed by the United States Fifth Circuit Court of Appeal on June 26, 2000. [Court Exhibit 3, *Lloyd J. Dupuis v. Burl Cain*, No. 99-30576 (5th Cir. 6/26/00)].

This court's records further reveal that on March 20, 2003 petitioner filed a "Motion for Rule 60(b)" by which he sought to re-open the previously dismissed petition for writ of *habeas corpus*. [Court Exhibit 4, Docket Sheet *Lloyd J. Dupuis v. Warden Louisiana State Penitentiary*, Civil Action Number 6:03-cv-00529]. The "Motion" was construed as a second and successive petition for writ of *habeas corpus* and accordingly, was dismissed because petitioner had failed to obtain authorization from the appellate court to file the petition. [Court Exhibit 5, Judgment and Report and Recommendation].

In this petition, Dupuis claims that he is actually innocent of second degree murder because he suffered from "alcoholic amnesia", and that his right to a fair trial was violated when the State introduced a "firearms transaction record" without having the maker of that record testify at trial.

The instant petition is a clearly a second and successive petition under 28 U.S.C.

---

[1] The initial Judgment denied and dismissed petitioner's claim based on *Cage v. Louisiana*, 498 U.S. 39 (1990) after the Magistrate Judge found relief on that claim was warranted; the subsequent Judgment dismissed petitioner's remaining claims after a supplemental report and recommendation by the Magistrate Judge.

§2244. AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a § 2255 petition should be considered second or successive for purposes of § 2244 (b) (3). A prisoner's petition is not second or successive simply because it follows an earlier federal petition. *In Re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* Thus, the provision has been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000). Such claims are deemed second or successive. *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244 (b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is second and successive. The claims raised herein could have been raised in the earlier petition. Moreover, petitioner's

prior petition was adjudicated on the merits and denied and dismissed with prejudice by this court. Hence, the instant petition is unquestionably second and successive.

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244 (b) (3) (A) which provides in part, "[b]efore a second or successive application permitted by this section [§2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In *In Re Epps,* 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate. The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases. Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is

transferred to that court. *Id.*

In the instant case, petitioner fails to show that he has made any attempt to obtain authorization for the instant petition, despite this court's prior direction that such authorization is necessary for this court to consider his claims. Moreover, in light of petitioner's previous filings in this court, petitioner is obviously well versed in the law and should be both aware and able to request the appropriate authorization from the Fifth Circuit. Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244 (b) (3) (A). The record fails to show that petitioner has requested such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244 (b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636 (b) (1) (C) and Rule 72 (b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a

copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, October 17, 2006

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lafayette)
## CIVIL DOCKET FOR CASE #: 6:98-cv-00302-RTH-PAT

Dupuis v. LA State Pen
Assigned to: Chief Judge Richard T Haik, Sr
Referred to: Magistrate Judge Pamela A Tynes
Demand: $0
Case in other court: 27th JDC(St Landry), unknown
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/19/1998
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Plaintiff**

**Lloyd J Dupuis**                    represented by   **Lloyd J Dupuis**
#128999 Cypress
LA State Penitentiary
Angola, LA 70712
PRO SE

**Arcenious F Armond, Jr**
401 Whitney Ave Ste 324
Gretna, LA 70056
504-367-1099
Fax: 504-367-1002
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Warden Louisiana State Penitentiary**   represented by   **Robert L Bordelon, Jr**
D A's Office 27th J D C
P O Drawer 1419
Opelousas, LA 70571-1419
337-948-3041
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/1998 | | FILING FEE paid; Amount of fee $5 Receipt #76332. (Prest, B) (Entered: 02/21/1998) |
| 02/19/1998 | 1 | PETITION for writ of habeas corpus (Prest, B) (Entered: 02/21/1998) |

| 02/21/1998 | | CASE REFERRED to Pro Se Law Clerk for Initial Review. (Prest, B) (Entered: 02/21/1998) |
| 02/21/1998 | | **RECORD LOCATION flag set to Lafayette. (Prest, B) (Entered: 02/21/1998) |
| 05/13/1998 | | INITIAL REVIEW: prop action-submit doc exh (McDaniel, C) (Entered: 05/14/1998) |
| 05/19/1998 | 2 | MEMORANDUM ORDER; that petitioner submit within 30 days a copy of legal memorandum filed in LA Supreme Court or proof that he has presented the issues raised herein to the LA Supreme Ct Pro se response due 6/22/98 for Lloyd J Dupuis (signed by Magistrate Judge Pamela A Tynes) NOE by: cvd (McDaniel, C) (Entered: 05/20/1998) |
| 05/29/1998 | 3 | RESPONSE by Lloyd J Dupuis to [2-1] memorandum order (McDaniel, C) (Entered: 05/29/1998) |
| 05/29/1998 | | PRO SE RESPONSE deadline satisfied (McDaniel, C) (Entered: 05/29/1998) |
| 07/07/1998 | | INTERIM REVIEW: Date of review: 7/7/98; please calendar for 30 days (Davis, C) (Entered: 07/13/1998) |
| 07/09/1998 | 4 | MEMORANDUM ORDER that Clerk ordered to serve by cert mail the Warden, LA Atty General and Dist Atty 27th JDC; Answer due within 30 days of svc afterwhich petitioner allowed 20 days to respond (signed by Magistrate Judge Pamela A Tynes) NOE by: cvd (McDaniel, C) (Entered: 07/10/1998) |
| 07/09/1998 | 5 | SUMMONS issued to: LSP Warden, La. Atty. General and 27th JDC District Atty (McDaniel, C) (Entered: 07/10/1998) |
| 07/13/1998 | 6 | RETURN OF SERVICE executed as to Warden LA State Pen on 7/10/98; Answer due on 8/10/98 for Warden LA State Pen (Davis, C) (Entered: 07/13/1998) |
| 08/04/1998 | 7 | MOTION by Warden LA State Pen to extend time to answer with Original Proposed Order referred to Magistrate Judge Pamela A. Tynes, ref by Lafayette Clerk's Office (Davis, C) (Entered: 08/05/1998) |
| 08/04/1998 | 8 | ORDER granting [7-1] motion to extend time to answer; reset answer due for 9/10/98 for Warden LA State Pen signed by Magistrate Judge Pamela A. Tynes NOE by: cvd (Davis, C) (Entered: 08/05/1998) |
| 09/08/1998 | 9 | ANSWER to Complaint by Warden LA State Pen X FOLDER (McDaniel, C) (Entered: 09/11/1998) |
| 09/21/1998 | 10 | RESPONSE by Lloyd J Dupuis in opposition to [9-1] answer (Davis, C) (Entered: 09/22/1998) |
| 10/26/1998 | 11 | REPORT AND RECOMMENDATIONS by Magistrate Judge Pamela A. Tynes, recommending that Dupuis' 2254 application be granted with instruction to the State of LA to either try Lloyd J. Dupuis agains or release |

| | | |
|---|---|---|
| | | him from custody within 180 days of the date of the district court's order; the court expresses no opinion with respect to the other claims raised by the deft. in his petition; Objections to R and R due by 11/9/98 NOE by cgl (Davis, C) (Entered: 10/27/1998) |
| 11/05/1998 | 12 | MOTION by Warden LA State Pen to extend time to file objections to R&R with Proposed Order referred to Judge Richard T. Haik Sr (Davis, C) (Entered: 11/10/1998) |
| 11/05/1998 | 13 | ORDER granting [12-1] motion to extend time to file objections to R&R, Objections reset to 11/24/98 for [11-1] report and recommendations (signed by Judge Richard T. Haik Sr) NOE by: rvw (Davis, C) (Entered: 11/10/1998) |
| 11/24/1998 | 14 | OBJECTION by Warden LA State Pen to [11-1] report and recommendations (Davis, C) (Entered: 11/30/1998) |
| 11/27/1998 | 15 | MOTION by Lloyd J Dupuis for Arcenious F Armond Jr to enroll as attorney with Proposed Order referred to Magistrate Judge Pamela A. Tynes (Davis, C) (Entered: 11/30/1998) |
| 12/02/1998 | 16 | ORDER granting [15-1] motion for Arcenious F Armond Jr to enroll as attorney (signed by Magistrate Judge Pamela A. Tynes) NOE by: cvd (Davis, C) (Entered: 12/07/1998) |
| 01/12/1999 | 17 | SUPPLEMENTAL REPORT AND RECOMMENDATIONS by Magistrate Judge Pamela A Tynes that addresses issues not raised in original R&R; this R&R does not change the R&R issued on 10/26/98 but the deft shall have opportunity to file objections. Objections to R and R due by 1/29/99 NOE by cvd (McDaniel, C) (Entered: 01/13/1999) |
| 01/25/1999 | 18 | MOTION by Warden LA State Pen to extend time to object to R&R with Proposed Order referred to Judge Richard T Haik Sr by Laf office (McDaniel, C) (Entered: 01/27/1999) |
| 01/26/1999 | 19 | ORDER granting [18-1] motion to extend time to object to R&R Objections reset to 2/12/99 for [17-1] report and recommendations (signed by Judge Richard T Haik Sr) NOE by: rvw (McDaniel, C) (Entered: 01/28/1999) |
| 05/10/1999 | 20 | JUDGMENT ORDERED, ADJUDGED AND DECREED that Dupuis' claim of denial of due process on the basis that the jury charge contained an unconstitutional definition of reasonable doubt is DENIED and that claim is DISMISSED with prejudice; it is further ORDERED, ADJUDGED AND DECREED that the Magistrate Judge issue a new R&R addressing Dupuis' claims of 1) denial of due process through the introduction of inadmissible evidence 2) denial of due process through the trial court's failure to instruct the jury on the defense of intoxication and 3) ineffective assistance of counsel signed by Judge Richard T. Haik Sr (Davis, C) (Entered: 05/12/1999) |
| 05/28/1999 | 21 | NOTICE OF APPEAL by Lloyd J Dupuis from [20-1] judgment order entered on 5/12/99 by Judge Richard T Haik Sr. Fee Status NOT PAID |

| | | |
|---|---|---|
| | | (Joffrion, B) (Entered: 06/01/1999) |
| 05/28/1999 | 22 | MOTION by Lloyd J Dupuis for certificate of appealability with Proposed Order referred to Judge Richard T Haik Sr (Joffrion, B) (Entered: 06/01/1999) |
| 06/01/1999 | | TRANSMITTAL of Notice of Appeal and Certified Copy of Docket to USCA: [21-1] appeal NOE toJudge Richard T Haik Sr, USCA, Court Reporter, Courtroom Deputy and Attorneys: Robert L Bordelon Jr, Arcenious F Armond Jr w/fee letter & IFP application, Lloyd J Dupuis (Joffrion, B) (Entered: 06/01/1999) |
| 06/10/1999 | | NOTICE of Docketing ROA from USCA Re: [21-1] appeal USCA NUMBER: 99-30576 (Joffrion, B) (Entered: 06/10/1999) |
| 06/15/1999 | | USCA appeal fees received from Lloyd J Dupuis regarding [21-1] appeal; Fee Status PAID, Filing fee $105.00, Receipt #84271; NOE by bkj (Joffrion, B) (Entered: 06/16/1999) |
| 06/18/1999 | 23 | CERTIFICATE OF APPEALABILITY granting [22-1] motion for certificate of appealability (signed by Judge Richard T Haik Sr) NOE by rvw (Joffrion, B) (Entered: 06/22/1999) |
| 06/24/1999 | 24 | MINUTE ENTRY: This court's ruling [23-1] on 6/18/99 granting defendant's request for certificate of appealability [22-1] is hereby supplemented nunc pro tunc with respect to the reason for granting the certificate of appealability only. While this court stands by its original ruling that the "reasonable doubt" jury instruction given at the defendant's trial was constitutional, this court is of the opinion that the defendant has made a substantial showing that his constitutional rights may have been violated. As a result, this court grants the certificate of appealability on the issued of whether or not the "reasonable doubt" jury instruction given at the defendant's trial was constitutional. (signed by Judge Richard T Haik Sr) NOE by: rw (Joffrion, B) (Entered: 06/25/1999) |
| 06/29/1999 | | TRANSMITTED record on appeal to U.S. Court of Appeals: [21-1] appeal; consisting of 1 Volumes of Record, 1 Containers of Exhibits, 0 Volumes of Transcript NOE to Judge Richard T Haik Sr, Courtroom Deputy Attorneys: Robert L Bordelon Jr, Arcenious F Armond Jr, Lloyd J Dupuis (Joffrion, B) (Entered: 06/29/1999) |
| 06/30/1999 | 25 | JUDGMENT in accordance with May 10 judgment that dismissed plaintiffs claim that he was denied due process on the basis that reasonable doubt jury charge was unconstitutional, IT IS ORDERED that a final judgment is hereby entered pursuant to FRCP 54b as to plaintiffs claim that he was denied due process on basis that jury charge contained an unconstitutional definition of reasonable doubt (signed by Judge Richard T Haik Sr) (McDaniel, C) (Entered: 07/01/1999) |
| 07/28/1999 | 26 | DEFICIENCY NOTICE to counsel for Lloyd J Dupuis re: Motion for Reconsideration submitted on 7/28/99 Reason: proposed order not on separate page. NOE by gab (McDaniel, C) (Entered: 08/05/1999) |

| 07/28/1999 | 27 | MOTION by Lloyd J Dupuis to reconsider with Proposed Order referred to Judge Richard T Haik Sr (McDaniel, C) (Entered: 08/19/1999) |
| 09/08/1999 | 28 | MEMORANDUM RULING denying [27-1] motion to reconsider (signed by Judge Richard T Haik Sr) NOE by: rvw (Davis, C) (Entered: 09/14/1999) |
| 09/22/1999 | 29 | JUDGMENT OF USCA (certified copy) Re: [21-1] appeal; the appeal is dismissed for want of prosecution for appellant's failure to file brief, within the time vixed by the rules. NOE to Judge Richard T Haik Sr and Courtroom Deputy (Joffrion, B) (Entered: 09/22/1999) |
| 09/22/1999 | | RECORD on appeal returned from U.S. Court of Appeals: [21-1] appeal consisting of 1 Volumes of Record, 1 Containers of Exhibits, 0 Volumes of Transcript. Record returned to the Lafayette Clerk's office. (Joffrion, B) (Entered: 09/22/1999) |
| 10/26/1999 | 30 | REPORT AND RECOMMENDATIONS by Magistrate Judge Pamela A Tynes that petition be Denied and Dismissed with prejudice . Objections to R and R due by 11/12/99 NOE by cvd (McDaniel, C) (Entered: 10/28/1999) |
| 11/03/1999 | 31 | MOTION by Lloyd J Dupuis to file an out of time Notice of Appeal with Proposed Order referred to Judge Richard T Haik Sr (Joffrion, B) (Entered: 11/03/1999) |
| 11/08/1999 | 32 | OBJECTION by Lloyd J Dupuis to [30-1] report and recommendations (Davis, C) (Entered: 11/09/1999) |
| 11/18/1999 | 33 | LETTER from Clerk 5th Circuit Court of Appeals to Clerk of Court, USDC regarding [21-1] appeal; Motion of appellant to reinstate the appeal is granted. Copy to Armond; Sebastien (Joffrion, B) (Entered: 11/18/1999) |
| 11/29/1999 | 34 | ORDER denying [31-1] motion to file an out of time Notice of Appeal (signed by Judge Richard T Haik Sr) NOE by: bkj (Joffrion, B) (Entered: 12/01/1999) |
| 12/09/1999 | 35 | JUDGMENT- IT IS ORDERED that this petition for writ of habeas corpus is DENIED AND DISMISSED WITH PREJUDICE (signed by Judge Richard T Haik Sr) (Deville, C) (Entered: 12/09/1999) |
| 12/09/1999 | | Case closed (Deville, C) (Entered: 12/09/1999) |
| 12/10/1999 | | **Set close/appeal flag. (Joffrion, B) (Entered: 12/10/1999) |
| 12/10/1999 | | TRANSMITTED record on appeal to U.S. Court of Appeals: ; consisting of 1 Volumes of Record, 0 Containers of Exhibits, 0 Volumes of Transcript NOE to Judge Richard T Haik Sr, Courtroom Deputy Attorneys: Robert L Bordelon Jr, Arcenious F Armond Jr, Lloyd J Dupuis (Joffrion, B) (Entered: 12/10/1999) |
| 07/19/2000 | 36 | JUDGMENT/MANDATE OF USCA (certified copy) that the judgment of the district court is affirmed. NOE to Judge Richard T Haik Sr and Courtroom Deputy (Joffrion, B) (Entered: 07/19/2000) |

| 07/19/2000 | | RECORD on appeal returned from U.S. Court of Appeals: [21-1] appeal consisting of 1 Volumes of Record, 1 Containers of Exhibits, 0 Volumes of Transcript; Record placed in the closed section Shreveport Clerk's office. (Joffrion, B) (Entered: 07/19/2000) |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 1 0 1999

ROBERT H. SHEMWELL, CLERK
BY_____
IN FURY

| | | |
|---|---|---|
| LLOYD J. DUPUIS | * | CIVIL ACTION NO. 98-0302 |
| VERSUS | * | JUDGE HAIK |
| BURL CAIN, WARDEN | * | MAGISTRATE JUDGE TYNES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JUDGMENT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is the petition for writ of *habeas corpus* filed by *pro se* petitioner, Lloyd J. Dupuis, pursuant to 28 U.S.C. §2254 on February 19, 1998. Dupuis is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana and names Warden Burl Cain as respondent. Respondent, through Robert L. Bordelon, Assistant District Attorney for the 27th Judicial District Court, St. Landry Parish, Louisiana, has filed an answer and opposition. After an independent review of the entire record, including the Magistrate Judge's Report and Recommendations, as well as all pleadings filed by the respondent and the petitioner, the petitioner's claim of denial of due process on the basis that the jury charge contained an unconstitutional definition of reasonable doubt is hereby **DENIED**, and that claim is **DISMISSED** with prejudice. Since the petitioner raised three additional claims which were not addressed in the Magistrate Judge's Report and Recommendation, a new Report and Recommendation will be issued by the Magistrate Judge addressing these additional claims.



1

PENGAD-Bayonne, N. J.

2

## BACKGROUND

On June 12, 1989, following a jury trial in the 27th Judicial District Court, St. Landry

Parish, Louisiana, Dupuis was convicted of one count of second-degree murder. On February 16,

1990, Dupuis was sentenced to life in prison, at hard labor, without benefit of parole, probation or

suspension of sentence.

Petitioner filed a direct appeal.[1] The Louisiana Third Circuit Court of Appeal affirmed the

conviction on February 6, 1991. Thereafter, petitioner filed an application for post conviction

relief, which was denied by the trial court on April 7, 1993. Dupuis later filed a second

application for post conviction relief, which was also denied. Defendant subsequently applied for

writs to the Third Circuit Court of Appeal. The Third Circuit of Appeal granted writ and

remanded the case to the trial court for disposition of those claims not previously raised or where

new issues were presented. On March 1, 1995, the district court denied the petition as the claims

were without merit.

The defendant filed a third application for post conviction relief, which was denied by the

trial court on July 11, 1996. Defendant applied for a writ of review to the Third Circuit Court of

Appeal, which denied the writ application on June 6, 1997 on the basis that the application was

untimely pursuant to Article 930.8 of the Louisiana Code of Criminal Procedure and State ex rel

Glover v. State, 93-2330 (La. 9/5/95); 660 So.2d 1189. The defendant subsequently applied for

supervisory and/or remedial writ to Louisiana Supreme Court, which denied the writ application

on April 25, 1997. See State ex rel Dupuis v. State, 692 So.2d 1080 (La. 1997).

---

[1]     The procedural history portion of this opinion is drawn largely from the state's
brief, upon which the Court relies in absence of the pleadings in the record.

Petitioner asserted the following grounds in support of *habeas corpus* relief: (1) denial of due process through the introduction of inadmissible evidence; (2) denial of due process on the basis that the jury charge contained an unconstitutional definition of reasonable doubt; (3) denial of due process through the trail court's failure to instruct the jury on the defense of intoxication and (4) ineffective assistance of counsel. The Magistrate Judge issued a Report and Recommendation on October 26, 1998, and Supplemental Report and Recommendation on January 12, 1999, recommending that the §2254 application of the petitioner, Lloyd J. Dupuis, be granted. The Magistrate Judge reached this conclusion after determining that the reasonable doubt jury instruction charged by the trial court on June 12, 1989 was unconstitutional under the parameters of the United States Court of Appeals for the Fifth Circuit's decision in Humphrey v. Cain, 120 F.3d 526 (5th Cir. 1997), *on rehearing en banc*, 138 F. 3d 552 (5th Cir. 1998), *cert. denied*, 1998 WL 306303, and *cert. denied*, 1998 WL 480119. As a result the Magistrate Judge expressed no opinion with respect to the other claims raised by the petitioner.

## LAW AND ANALYSIS

The requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt is an uncontrovertible requirement of constitutional due process designed to safeguard men from "dubious and unjust convictions, with resulting forfeitures of life, liberty and property." In Re Winship, 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 (1970); citing Davis v. U.S., 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. at

3

364, 90 S.Ct. at 1073.

The only time the Supreme Court found a reasonable doubt jury instruction to be unconstitutional was in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). In Cage, the Court held that in determining the constitutionality of a reasonable doubt jury instruction one must "consider how reasonable jurors could have understood the charge." Id. U.S. at 41, 111 S.Ct. at 329. However, only a few months prior to the Cage, decision the Court in Boyde v. California, 494 U.S. at 380, 110 S.Ct. at 1198 (1990), had determined that the proper inquiry in reviewing jury instructions is "whether there is a reasonable likelihood that the jury has applied the challenged instruction" in an unconstitutional manner. In 1991, the Court in Estelle v. McGuire, 502 U.S. at 73 n.4, 112 S.Ct. at 482 n. 4, settled on Boyde's "reasonable likelihood" standard.

Most recently, in Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed. 2d 583 (1994), the Court reaffirmed the Boyde/Estelle standard. Therefore, the proper inquiry when determining the constitutionality of a reasonable doubt jury instruction is whether there is a "reasonable likelihood" that the jury improperly applied the instructions, rather than whether it is only possible that the misapplication occurred. Id. at U.S. 6, S.Ct. 1243. Mere conjecture concerning a juror's response to a charge, a conjecture encouraged in Cage, is no longer favored. This may be viewed as a retrenchment by the Supreme Court from its position in Cage.

In the case at hand, Dupuis contends, and the Magistrate Judge agreed, that the reasonable doubt charge given to the jury in his trial was unconstitutional pursuant to the Supreme Courts decision in Cage and Victor. Specifically, the Magistrate Judge analogized the jury charge in this case to the charge before the Fifth Circuit in Humphrey v. Cain, 120 F.3d 526 (5th Cir. 1997), on

4

rehearing en banc, 138 F. 3d 552 (5th Cir 1998), *cert. denied*, 1998 WL 306303, and *cert.*

*denied*, 1998 WL 480119. In <u>Humphrey</u>, the Fifth Circuit determined that the instruction defining

reasonable doubt as "a serious doubt for which you could give good reason" was a "potent

qualifier," which combined with "substantial doubt," "grave uncertainty," and "moral certainty"

made the instruction unconstitutional. *Id.* at 531. There, the trial judge gave the following

instruction to the jury:

> If you entertain any reasonable doubt as to any fact or element
> necessary to constitute the defendant's guilt, it is your sworn duty
> to give him the benefit of that doubt and return a verdict of
> acquittal. Even where the evidence demonstrates a probability of
> guilt, yet if it does not establish it beyond a reasonable doubt, you
> must acquit the accused. *This doubt must be a reasonable one,*
> *that is, one founded upon a real, tangible, substantial basis, and*
> *not upon mere caprice, fancy or conjecture. It must be such a*
> *doubt as would give rise to a grave uncertainty*, raised in your
> minds by reason of the unsatisfactory character of the evidence; *one*
> *that would make you feel that you had not an abiding conviction to*
> *a moral certain[ty] of the defendant's guilt.* If, after giving a fair
> and impartial consideration to all of the facts in the case, you find
> the evidence unsatisfactory upon any single point indispensably
> necessary to constitute the defendant's guilt, this would give rise to
> such a reasonable doubt as would justify you in rendering a verdict
> of not guilty. The prosecution must establish guilt by legal and
> sufficient evidence beyond a reasonable doubt, but the rule does not
> go further and require a preponderance of testimony. It is
> incumbent upon the State to prove the offense charged, or legally
> included in the Information, to your satisfaction and beyond a
> reasonable doubt. *A reasonable doubt it not a mere possible*
> *doubt. It should be an actual or substantial doubt. It is such a*
> *doubt as a reasonable man would seriously entertain. It is a*
> *serious doubt, for which you could give good reason.*

120 F.3d at 528 (emphasis added).

The court further reasoned that while all of these phrases survived constitutional attack in

<u>Victor</u>, coupled with the additional potent qualifier, the charge was unconstitutional. *Id.* at 531.

5

However, while the court in <u>Humphrey</u> seriously questioned the use of the phrase "a serious doubt, for which you could give a good reason," the court did not hold that this phrase alone made the jury instruction unconstitutional. *Id.* at 531. In fact, there is controlling Fifth Circuit jurisprudence which upheld an instruction containing the phrase, "a serious doubt, for which you could give a good reason." <u>Schneider v. Day</u>, 73 F.3d 610 (5th Cir. 1996); <u>Weston v. Ieyoub</u>, 69 F.3d 73 (5th Cir 1995) (the Court upheld a very similar instruction). Therefore, it is obvious that the mere existence of this "potent qualifier" does not make the instruction unconstitutional.

While the Dupuis charge is similar to the instruction given in <u>Humphrey</u>, this Court is of the opinion that neither the Supreme Court nor the Fifth Circuit has decided the constitutionality of the exact instruction before us today. As the court did in <u>Humphrey</u>, this Court finds that the jury instruction given in the case at hand is distinguishable from instructions challenged in prior jurisprudence, including the instruction given in <u>Humphrey</u>. *Id.* at 533. In <u>Humphrey</u>, the court distinguished the <u>Humphrey</u> instruction from similar instructions that the Fifth Circuit had previously upheld as constitutional. In <u>Schneider</u>, the Fifth Circuit upheld an instruction that contained the phrase "serious doubt, for which you could give a good reason" coupled with the use of "substantial doubt" and "moral certainty." *Id.* at 73 F.3d 610 (5th Cir. 1996); see also <u>Weston v. Ieyoub</u>, 69 F.3d 73 (5th Cir 1995) (the Court upheld a very similar instruction). Without disturbing the Fifth Circuit's rulings in <u>Schneider</u> and <u>Weston</u>, the court in <u>Humphrey</u> held that those prior Fifth Circuit panels were not faced with and did not consider whether the phrase "serious doubt, for which you could give a good reason" coupled with the use of "substantial doubt," "moral certainty," and "grave uncertainty" made the charge unconstitutional. *Id.* at 533. Therefore, the scope of the holding in <u>Humphrey</u> is limited to the wording of the

6

<u>Humphrey</u> instruction.

Like the instruction in <u>Schneider</u>, the instruction given at Dupuis' trial does not contain the phrase "grave uncertainty;" also the "good reason" language which gave the <u>Humphrey</u> court such problems is surrounded by language which lends meaning to it. The "good reason" language followed by the sentence , "[t]his doubt must be founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy of conjecture," merely suggests to the jury that the reasonable doubt is something more than a speculative one. See <u>Victor</u>, 511 U.S. at 20 (the court discussed the constitutionality of the phrase "substantial doubt" when followed by the language "mere possibility, from bare imagination, or from fanciful conjectures.") The instruction given at Dupuis' trail reads as follows:

> *Reasonable doubt is not a mere possible doubt, it is and should be an actual and substantial doubt.* It is such a doubt as a reasonable man would seriously entertain. *It is a serious, sensible doubt such as one could give a good reason for.* It is an honest, substantial misgiving resulting either from the proof or want of proof in the case. This doubt must be founded upon a real, tangible, substantial basis, and not upon a mere caprice, fancy or conjecture. *Finally, reasonable doubt is one that would make you feel that you didn't have an abiding conviction to a moral certainty as the accused's guilt.*

Due to the similarities with the instruction in <u>Schneider</u> and the distinctions from the instruction in <u>Humphrey</u>, this Court follows the Fifth Circuits ruling in <u>Schneider</u> and holds that the instruction in question is not unconstitutional. In following <u>Schneider</u>, this Courts ruling is wholly consistent with the Supreme Court's decision in <u>Victor</u>.

In <u>Victor</u>, the Court held that one must examine the instruction as a whole and not sequester specific phrases from their surroundings. *Id.* 511 U.S. at 4; citing <u>Holland v. U.S.</u>, 348

U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954). While the Court in <u>Cage</u> focused on the presence of the suspect terms in the instruction, the <u>Victor</u> Court considered the relationship of the terms to the instruction as a whole in determining whether the jurors were reasonably likely to have misapplied the instruction. The Court specifically addressed the use of the phrases "moral certainty" and "substantial doubt," and while Court did not condone the use of such phrases, the panel held that "the instructions correctly conveyed the concept of reasonable court to the jury." *Id.* at 11-15, 19-20 *Id.* 511 U.S. at 4; citing <u>Holland v. U.S.</u>, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954).

## CONCLUSION

This Court follows <u>Schneider</u> and <u>Victor</u>, and holds that there is no reasonable likelihood that the jury in this case applied the instruction in an unconstitutional manner. As a result, this Court finds that Dupuis' conviction was based on proof sufficient to meet the Winship standard. We note, however, that the Courts have cautioned against the continued use of phrases such as "good reason," "moral certainty," and "substantial doubt." Therefore, while this Court disapproves of the wording in Dupuis' charge, we hold that it did not render the instruction unconstitutional.

As a result, it is **ORDERED, ADJUDGED AND DECREED** that Dupuis' claim of denial of due process on the basis that the jury charge contained an unconstitutional definition of reasonable doubt is **DENIED,** and that claim is **DISMISSED** with prejudice.

It is further **ORDERED, ADJUDGED AND DECREED** that the Magistrate Judge issue a new Report and Recommendation addressing Dupuis' claims of: (1) denial of due process

8

through the introduction of inadmissible evidence; (2) denial of due process through the trial

court's failure to instruct the jury on the defense of intoxication and (3) ineffective assistance of

counsel.

THUS DONE AND SIGNED this 10th day of May, 1999 at Lafayette, Louisiana.

RICHARD T. HAIK
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 05-11-99
BY _____
TO Dupuis
Armond jr
Bordelon jr
PAT

JUDGMENT ENTERED
5/12/99
BY C. C. Davis
COPY PAT
Dupuis
Armond
Bordelon

9

**Civil** • **Criminal** • **Query** • **Reports** • **Utilities** • **Logout** 

**RECEiVED**

OCT 2 6 1999

ROBERT H. ... . CLERK
WESTERN DISTRICT OF LOUISIANA
... VEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

U S DISTRICT COUR
WESTERN DISTRICT OF LC
FILED

DEC 9 - 199

ROBERT H. SHEMWELL, C
BY_____

| | | |
|---|---|---|
| LLOYD J. DUPUIS | * | CIVIL ACTION NO. 98-0302 |
| VERSUS | * | JUDGE HAIK |
| BURL CAIN, WARDEN, | * | MAGISTRATE JUDGE TYNES |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge f previously herein, and after an independent review of the entire record and the objections f herein, and concurring with the Magistrate Judge's findings under the applicable law,

**IT IS ORDERED** that this Petition for Writ of Habeas Corpus is **DENIED A DISMISSED WITH PREJUDICE.**

Thus done and signed this ___ day of _____, 1999 at Lafayette, Louisian

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE

JUDGMENT ENTERED   DEC -9 199

BY _____
COPY _____ Dupuis
Dimond
Berdelon

13





UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION



U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

O CT 2 6 1999

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

| | | |
|---|---|---|
| LLOYD J. DUPUIS | * | CIVIL ACTION NO. 98-0302 |
| VERSUS | * | JUDGE HAIK |
| BURL CAIN, WARDEN,<br>LOUISIANA STATE PENITENTIARY | * | MAGISTRATE JUDGE TYNES |

## REPORT AND RECOMMENDATION

Pending before the Court for report and recommendation is the petition for writ of *habeas corpus* filed by *pro se* petitioner, Lloyd J. Dupuis ("Dupuis"), pursuant to 28 U.S.C. §2254 on February 19, 1998. Dupuis is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana and names Warden Burl Cain as respondent. Respondent, through Robert L. Bordelon, Assistant District Attorney for the 27th Judicial District Court, St. Landry Parish, Louisiana, has filed an answer and opposition.

## BACKGROUND

On June 12, 1989, following a jury trial in the 27th Judicial District Court, St. Landry Parish, Louisiana, Dupuis was convicted of one count of second-degree murder. On February 16, 1990, Dupuis was sentenced to life in prison, at hard labor, without benefit of parole, probation or suspension of sentence.

Petitioner filed a direct appeal.[1] The Louisiana Third Circuit Court of Appeal affirmed the conviction on February 6, 1991. Thereafter, petitioner filed an application for post conviction relief

---

[1]     The procedural history portion of this opinion is drawn largely from the state's brief, upon which the Court relies in the absence of the pleadings in the record.



which was denied by the trial court on April 7, 1993. Dupuis later filed a second application for post conviction relief, which was also denied. Defendant subsequently applied for writs to the Third Circuit Court of Appeal, which granted writ and remanded the case to the trial court for disposition of those claims not previously raised or where new issues were presented. On March 1, 1995, the district court denied the petition as the claims were without merit.

The defendant filed a third application for post conviction relief, which was denied by the trial court on July 11, 1996. Defendant applied for a writ of review to the Third Circuit Court of Appeal, which denied the writ application on June 6, 1997 on the basis that the application was untimely pursuant to Article 930.8 of the Louisiana Code of Criminal Procedure and *State ex rel Glover v. State*, 93-2330 (La. 9/5/95); 660 So. 2d 1189. The defendant subsequently applied for supervisory and/or remedial writ to the Louisiana Supreme Court, which denied the writ application on April 25, 1997. *See State ex rel Dupuis v. State,* 692 So.2d 1080 (La.1997).

Petitioner asserts the following grounds in support of *habeas corpus* relief: (1) denial of due process through the introduction of inadmissible evidence; (2) denial of due process on the basis that the jury charge contained an unconstitutional definition of reasonable doubt; (3) denial of due process through the trial court's failure to instruct the jury on the defense of intoxication; and (4) ineffective assistance of counsel.

On October 26, 1998, the undersigned issued a report recommending that the petitioner's petition be granted and his conviction for the second degree murder of this wife reversed on the grounds that there was a reasonable likelihood that the Dupuis jury understood the trial court's instruction on reasonable doubt to allow conviction based on a proof insufficient to meet the *Winship* standard. (Rec. Doc. 11). The undersigned made no recommendation as to the remaining claims

2

brought by the petitioner.

On May 5, 1999, Judge Haik declined to follow the recommendation as expressed in the report and denied the petitioner's claim, finding that the jury instruction considered by the Dupuis jury was constitutional and, therefore, that Dupuis' conviction was based on proof sufficient to meet the *Winship* standard. (Rec. Doc. 20). Dupuis filed a notice of appeal with respect to Judge Haik's ruling on May 28, 1999 (Rec. Doc. 21), and on June 18, 1999, Judge Haik issued a certificate of appealability with respect to the jury instruction issue. (Rec. Doc. 23). On September 22, 1999, the Fifth Circuit Court of Appeals dismissed the petitioner's appeal for want of prosecution for appellant's failure to file an appellate brief within the time fixed by the rules of the Fifth Circuit. (Rec. Doc. 29).

Therefore, it is appropriate at this time for the undersigned to consider the remaining claims raised in the petitioner's *habeas* petition. Upon review of the entire record and for the following reasons, it is recommended that these claims be **DENIED AND DISMISSED WITH PREJUDICE.**

## LAW AND ANALYSIS

### 1.    Introduction of inadmissible evidence

When a *habeas* petitioner claims the erroneous admission of evidence, the Fifth Circuit has stated that its role "is limited to determining whether [the] error [was] so extreme that it constituted denial of fundamental fairness" under the due process clause. *Lucas v. Johnson*, 132 F.3d 1069, 1079 (5th Cir. 1998), *citing Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986). "Habeas relief is warranted only when the erroneous admission played a 'crucial, critical [and] highly significant' role in the trial." *Id. See also Banks v. McGougan*, 717 F.2d 186, 190 (5th Cir. 1983)

3

("[a] federal *habeas* court may consider the propriety of state court evidentiary rulings only if there has been a constitutional infraction that renders the entire trial fundamentally unfair); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983), *cert. denied*, 466 U.S. 984, 104 S.Ct. 2367, 870 L.Ed.2d 838 (1984) (Fifth Circuit will not grant *habeas* relief for errors in trial court's evidentiary rulings unless those errors result in 'denial of fundamental fairness' under Due Process Clause). Thus, because a federal court's review is limited to errors of constitutional dimension, this court will not review the mere admissibility of evidence under state law. *Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (it is not the province of a federal *habeas* court to reexamine state court determinations on state-law questions).

The petitioner contends that it was error for the court to permit the testimony of gun store clerk Vanessa Bordelon concerning the "firearms transaction record" as evidence of the sale of the gun to the petitioner on the day of the shooting. The petitioner contends that because Ricky Bordelon, the individual who actually sold the gun to the petitioner, was on vacation at the time of the trial, he was not properly "unavailable" for evidentiary purposes, and that the firearms transaction record was inadmissible hearsay.

Article 804(A)(5) of the Louisiana Code of Evidence provides that a declarant is "unavailable as a witness" "when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court." The court agrees that because Ricky Bordelon was out of state at the time of the trial, he was an "unavailable witness" for the purposes of Article 804(A)(5).

Moreover, the court concludes that the availability of Ricky Bordelon to testify at trial is immaterial. Article 803 of the Louisiana Code of Evidence provides that records of regularly

4

conducted business activity are not excluded by the hearsay rule, *even though the declarant is available as a witness.* La. C. Evid. Art. 803 (1999). Article 803 provides that such records are not hearsay "if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the [records], all as shown by the testimony of the custodian *or other qualified witness.*" *Id.* (emphasis added). *See also State v. Savage,* 575 So. 2d 478 (La. App. 3d Cir.) (business records not excluded by hearsay rule where qualified employee testified that records were made and kept in the course of regularly conducted business activity and it was company's regular practice to keep and maintain these records), *writ denied,* 586 So. 2d 556 (La. 1991).

Here, the firearms transaction record clearly falls within the business records exception to the hearsay rule and, therefore, was properly admitted into evidence. *See State v. Graves,* 250 So. 2d 727, 729 (La. 1971) (where clerk testified that he was acquainted with and recognized the handwriting on the entry in the firearms record as that of another clerk, and where entry was made contemporaneously with the sale, hearsay rule did not bar admission of firearms record). Vanessa Bordelon testified that she is a joint custodian of the store's business records and that she recognized the signature on the form executed at the time the gun was purchased as the signature of her brother-in-law, who owned the gun store and sold the gun to the petitioner. (Tr. 221). Bordelon testified that these firearms records are kept in the ordinary course of business, and that it is the gun shop's regular practice to keep and maintain these records. (Tr. 216). Therefore, the court concludes that Vanessa Bordelon's testimony properly laid the foundation for the introduction of the firearms transactions record, and that such record was not inadmissible hearsay. Accordingly, this claim is without merit.

5

**2.    Trial court's failure to instruct the jury on the defense of intoxication**

The petitioner alleges that the trial court improperly failed to instruct the jury on the defense of intoxication.  In reviewing alleged constitutional errors in state jury instructions, including the failure to instruct the jury on a certain issue, the court must determine whether the erroneous instruction so infected the entire trial that the resulting conviction violates due process.  *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986), *citing Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), not merely whether the instruction is undesirable, erroneous, or even universally condemned.  The petitioner's burden is especially heavy in cases where no erroneous instruction was given.  "An omission, or an incomplete instruction is less likely to be prejudicial than a misstatement of the law." *Sullivan*, 804 F.2d at 887, *citing Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977).  *See also Brown v. Cain*, 1995 WL 495890 (No. 95-2250, Aug. 18, 1995), p. 26.

Pursuant to Louisiana law, the trial court is required to charge the jury -- *when properly requested* -- as to the law applicable to any theory of defense which the jurors reasonably could infer from the evidence. *Brown v. Cain*, 1995 WL 495890 *26 (E.D. La. August 18, 1995) (emphasis added). *See also State v. Vergo*, 594 So. 2d 1360, 1363 (La. App. 2d Cir.), *writ denied*, 598 So. 2d 373 (La. 1992), *citing State v. Johnson*, 438 So. 2d 1091 (La. 1983), *superseded by rule on other grounds*, *State v. Cedrington*, 725 So. 2d 565 (La. App. 5th Cir. 1998).  No instruction is required where a theory of defense lacks evidentiary support. *Molina-Uribe*, 853 F.2d 1193, 1206 (5th Cir. 1988), *writ denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989), *overruled on other grounds*, *U.S. v. Bachynsky*, 934 F.2d 1349 (5th Cir. 1991), *citing United States v. Gentry*, 839 F.2d 1065, 1071 (5th Cir.), *reh'g denied*, 844 F.2d 788 (5th Cir. 1988), *aff'd*, 920 F.2d 930 (5th Cir. 1990),

6

*reh'g denied,* 923 F.2d 851 (5ᵗʰ Cir.), *and cert. denied,* 500 U.S. 925, 111 S.Ct. 2034, 114 L.Ed.2d

119 (1991); *United States v. Brooks,* 611 F.2d 614, 619 (5ᵗʰ Cir. 1980), *overruled on other grounds,*

749 F.2d 203 (5ᵗʰ Cir. 1984); *United States v. Dobson,* 609 F.2d 840, 843 (5ᵗʰ Cir.), *cert. denied,* 446

U.S. 955, 100 S.Ct. 2925, 64 L.Ed.2d 813 (1980).

Here, the petitioner fails to allege that he requested a jury instruction on intoxication or

objected to the absence of the charge from the state court's instructions, and the record does not

reveal such a request. Therefore, it was not error for the trial court to not instruct the jury on the

defense of intoxication. Furthermore, even if this court were to determine that the trial court's

failure to instruct on this defense was error, this court concludes that such error was harmless. *See*

*Brown v. Cain,* 1995 WL 495890 *26, *citing Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078

(1993) (discussion of trial errors to which harmless error analysis could be applied); *LaGrand v.*

*Lewis,* 883 F.Supp. 451 (D.Ariz.1995) (add), *aff'd,* 133 F.3d 1252 (9ᵗʰ Cir. 1998), *cert. denied,* ---

U.S.—, 119 S.Ct. 422, 142 L.Ed.2d (1998), *reh'g denied,* — U.S.—, 119 S.Ct. 610, 142 L.Ed.2d 551

(1998); *State v. Dean,* 487 So. 2d 709, 712-13 (La. App. 5ᵗʰ Cir.) (trial judge's failure to instruct on

intoxication was harmless error when requested by defendant where jury was instructed that crimes

of first degree murder, second degree murder and manslaughter required State to prove specific

intent beyond a reasonable doubt), *writ denied,* 495 So. 2d 300 (La. 1986).

Here, the jury was instructed that the crimes of second degree murder and manslaughter were

specific intent crimes, and that in order to convict the defendant of one of these crimes, the State

must prove a specific intent beyond a reasonable doubt. (Tr. 373-79). Accordingly, it would appear

from the record that the jurors were convinced beyond a reasonable doubt that the homicide was

committed with specific intent. Consequently, if the failure to instruct on intoxication was error,

such error was harmless.

**3.    Ineffective assistance of counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1)

his attorney's representation fell below an objective standard of reasonableness; and (2) there is a

reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.

2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an

objective standard of reasonableness. *Id.* at 688. The court's scrutiny shall be "highly deferential"

and the court must apply a "strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance." *Id.* at 689-90. *See also Marler v. Blackburn*, 777 F.2d 1007,

1010 (5th Cir. 1985).

The *Strickland* court further outlined the extent of prejudice that must be established by the

defendant:

> An error by counsel, even if professionally unreasonable, does not
> warrant setting aside the judgment of the criminal proceeding if the
> error had no effect on the judgment. *Cf. United States .v Morrison*,
> 449 U.S. 361, 364-65 (1981).
>
> Defendant must show that there is a reasonable probability that, but
> for counsel's unprofessional errors, the result of the proceeding would
> have been different. A reasonable probability exists if the probability
> is sufficient to undermine confidence in the outcome.
>
> When a defendant challenges a conviction , the question is whether
> there is reasonable probability that absent the errors the fact-finder
> would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691, 694-95; *see also Taylor v. Maggio*, 727 F.2d 241 (5th Cir. 1984);

*U.S. v. Diaz*, 733 F. 2d 371 (5th Cir. 1984). A *habeas* court must be careful not to second guess

8

legitimate strategic choices made by defense counsel which under the light of hindsight seem ill-advised and unreasonable. *Sawyer v. Butler*, 848 F. 2d 582, 587-88 (5th Cir. 1988).

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 Led.2d 180 (1993), the Supreme Court noted that an analysis based solely on an outcome determination, without determining whether the result of the proceeding was fundamentally unfair or unreliable, was defective. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Id.* In *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir.), *cert. denied*, 514 U.S. 1071, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995), the Fifth Circuit stated that it reads *Lockhart* to require "a rather appreciable showing of prejudice," and further, "[i]f an appreciable showing of prejudice is required in the capital context, a requirement for a showing of significant prejudice applies *a fortiori* in the noncapital context." *See also Spriggs v. Collins*, 993 F.2d 85, 88 n.4 (5th Cir. 1993).

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland*, 466 U.S. at 689-94. Petitioner must satisfy both prongs of *Strickland*.

The petitioner contends that his counsel was ineffective in that he failed to investigate the petitioner's mental condition prior to the commission of the crime. The petitioner avers that a reasonable investigation would have led to the petitioner pleading not guilty or not guilty by reason of insanity. The petitioner also requests an evidentiary hearing on this issue.[2] Inexplicably, in its

---

[2]    A district court need not conduct an evidentiary hearing to resolve an ineffective assistance of counsel claim when a petitioner fails to allege facts which, if proved, would entitle the petitioner to relief or when the court record supports the court's disposition of the claim. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. ), *citing*

Answer, the State fails to urge that the petitioner's trial counsel filed an "Application for Appointment of Sanity Commission to Examine Defendant and to Report on His Present Mental Condition, and Mental Capacity at the Time of the Alleged Offense, and for a Hearing as to Defendant's Mental Capacity to Proceed."[3]  (Tr. 11).  The trial record clearly reveals that a Sanity Commission was appointed by the trial judge on October 26, 1987 (Tr. 12) and that a sanity hearing was conducted on December 18, 1987.  The petitioner was examined and evaluated by Dr. Charles C. Bertrand and Dr. Philip A. Landry, two mental health doctors, both of whom rendered reports and testified at the sanity hearing.  Although both doctors noted that the petitioner had a fairly well-defined period of amnesia -- possibly brought on by alcohol -- for the time period in which the actual shooting occurred, the conclusion of both doctors was that the petitioner was sane at both the time of the commission of the crime and at the time of his trial.  (Tr. 46-79).  Accordingly, on October 13, 1988, the trial judge ordered that the petitioner was competent to stand trial for the murder of his wife and ordered that the case proceed.  (Tr. 80).  At that point, defense counsel apparently abandoned an insanity plea, which this court concludes was not unreasonable.  Clearly,

---

*Streetman v. Lynaugh*, 812 F.2d 950 (5th Cir.), *reh'g denied*, 818 F.2d 865 (5th Cir. 1987).  A state habeas court's findings of fact made in the course of deciding such a claim are entitled to the 2254(d) presumption of correctness, but the cause and prejudice components of the Strickland test present a mixed question of law and fact that must be reviewed accordingly. *Motley*, 18 F.3d at 1226, *citing Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984).  A state habeas court's ultimate conclusion that counsel did not render ineffective assistance, therefore, is not a factual finding to which the presumption of correctness applies, but is a legal question that must be reviewed de novo.  For the reasons stated in the body of this report, no evidentiary hearing is necessary on this issue. *Black v. Collins*, 962 F.2d 394, 401 (5th Cir.), *cert. denied*, 504 U.S. 991, 112 S.Ct. 2983, 119 L.Ed.2d 601 (1992).

[3]        In his Answer, Assistant District Attorney Robert L. Bordelon states that "the petitioner has failed to show that the failure to investigate petitioner's mental condition prior to the commission of the crime would overcome the high presumption of reasonableness afforded to counsel."  Clearly, Mr. Bordelon failed to review the record in its entirety, as no fewer than 30 pages of the trial court record are devoted to the investigation and findings of the Sanity Commission.

therefore, the petitioner's attorney *did* undertake an investigation into the mental capacity of the petitioner at the time of the commission of the crime, and this claim is without merit.

## CONCLUSION

Based on the foregoing reasons, the undersigned recommends that Dupuis' §2254 application be **DENIED AND DISMISSED WITH PREJUDICE.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING EITHER THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION, 79 F.3D 1415 (5TH CIR. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 26th day of October, 1999, at Lafayette, Louisiana.

*Pamela Tynes*
PAMELA A. TYNES
MAGISTRATE JUDGE
800 Lafayette Street, Suite 3400
Lafayette, Louisiana 70501
Telephone: 318/593-5160
Fax: 318/593-5171

COPY SENT
DATE __OCT 26 1999__
BY __Crd__
TO __Dupuis__
__Aimond__
__Bordelon__
__pat__
__rth__

11

Closed

# UNITED STATES COURT OF APPEALS

### FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
# FILED

No. 99-30576
Summary Calendar

JUN 2 6 2000

D.C. Docket No. 98-CV-302

CHARLES R. FULBRUGE III
CLERK

LLOYD J DUPUIS

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE___7.19.00
BY_____

Petitioner - Appellant

v.

BURL CAIN, Warden, Louisiana State Penitentiary

Respondent - Appellee

Appeal from the United States District Court for the
Western District of Louisiana, Lafayette.

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judge.

J U D G M E N T

This cause was considered on the record on appeal and the
briefs on file.

It is ordered and adjudged that the judgment of the District
Court is affirmed.

ISSUED AS MANDATE:    JUL 1 8 2000

COPY SENT
DATE 7/19/00
BY PO
TO: RTH

OP-S-J-1

A true copy
Test:

Clerk, U.S. Court of Appeals, Fifth Circuit

By _____
Deputy,

New Orleans, Louisiana    JUL 1 8 2000

36    3

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED

JUN 2 6 2000

CHARLES R. FULBRUGE III
CLERK

No. 99-30576
Summary Calendar

LLOYD J DUPUIS

Petitioner - Appellant

v.

BURL CAIN, Warden, Louisiana State Penitentiary

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-302
--------------------

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Lloyd J. Dupuis, Louisiana state
prisoner # 128999, appeals the denial of his petition for writ of
habeas corpus pursuant to 28 U.S.C. § 2254. Dupuis argues five
points of error on appeal. First, Dupuis argues that the
district court erred in failing to conduct an evidentiary hearing
on his ineffective-assistance-of-counsel claim. Next, Dupuis
contends that his reasonable-doubt jury instruction was
unconstitutional pursuant to Humphrey v. Cain, 138 F.3d 552, 553

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir.) (en banc), cert. denied, 525 U.S. 935, 943 (1998) and
Cage v. Louisiana, 498 U.S. 39 (1990). Dupuis' third issue
anticipates a contemporaneous-objection argument from the state
on the Cage claim. His fourth argument states why his Cage claim
is not procedurally barred. In his fifth issue, Dupuis again
argues ineffective-assistance-of-counsel in the event this court
determines that the absence of a contemporaneous objection acts
as a procedural bar to the Cage claim.

Dupuis obtained a certificate of appealability (COA) on only
the Cage issue from the district court. Dupuis noticed his
intent to appeal the district court's determination of this
single issue. Therefore, the only issue before this court is
whether the district court erred in dismissing Dupuis'
reasonable-doubt jury instruction claim.

The respondent's procedural-bar issue, anticipated by
Dupuis, is not properly before this court. Respondent did not
raise the issue below in his answer and memorandum in opposition
to habeas relief. The district court did not raise procedural
bar, and procedural bar is not part of the issue certified for
appeal. This court cannot address the procedural-bar defense.
Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

We have reviewed the briefs and conducted a de novo review
of the record and hold that the state trial court's reasonable-
doubt instruction was not unconstitutional. See Victor v.
Nebraska, 511 U.S. 1 (1994); Cage, 498 U.S. at 39. We have
approved a jury instruction essentially identical to the one

given at Dupuis' trial.  <u>See</u> <u>Schneider v. Day</u>, 73 F.3d 610, 611-12 (5th Cir. 1996).

The district court's denial of Dupuis' habeas petition is AFFIRMED.

# United States Court of Appeals

FIFTH CIRCUIT

OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-589-6514
600 CAMP STREET
NEW ORLEANS, LA 70130

July 18, 2000

Mr Robert H Shemwell, Clerk
Western District of Louisiana, Lafayette
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101

No. 99-30576 Dupuis v. Cain
USDC No. 98-CV-302

Enclosed, for the district court only, is a certified copy of the judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's opinion.

Record/original papers/exhibits are returned:

( 1 ) Volume    ( 1 ) Box

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _____
Larry Begenheimer, Jr / Deputy Clerk

cc: (letter only)
     Honorable Richard T Haik Sr
     Mr Arcenious Francis Armond Jr
     Mr Gary C Tromblay

MDT-1

CLOSED, PRISON

# U.S. District Court
# Western District of Louisiana (Lafayette)
## CIVIL DOCKET FOR CASE #: 6:03-cv-00529-RTH-CMH

Dupuis, et al v. LA State Pen
Assigned to: Chief Judge Richard T Haik, Sr
Referred to: Honorable C Michael Hill
Demand: $0
Case in other court:  USDC/WDLA, 6:98-CV-00302
                      27TH JDC (ST LANDRY),
                      :00-UN-00000
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 03/20/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Plaintiff**

**Lloyd J Dupuis**

represented by **Lloyd J Dupuis**
#128999 Cypress
LA State Penitentiary
Angola, LA 70712
PRO SE

V.

**Defendant**

**Warden Louisiana State Penitentiary**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/20/2003 | | Amount of fee $0/IFP. (Gilmer, P) (Entered: 03/21/2003) |
| 03/20/2003 | | **Set prison flag. Case held in Shreveport due to deficiency. (Prest, B) (Entered: 03/21/2003) |
| 03/20/2003 | 1 | PETITION for writ of habeas corpus. (Prest, B) (Entered: 03/21/2003) |
| 03/26/2003 | 2 | MEMORANDUM ORDER that plaintiff failed to submit either $5 filing fee or a completed in forma pauperis application and has 30 days to submit same. Pro se response due 4/26/03 for Lloyd J Dupuis . (signed by Magistrate Judge Robert H Shemwell) NOE by: bp (Prest, B) (Entered: 03/26/2003) |
| 04/10/2003 | | FILING FEE paid; Amount of fee $5.00 Receipt #107464. (Lundy, N) (Entered: 04/10/2003) |
| 04/14/2003 | | **RECORD LOCATION flag set to Lafayette; (1 volumes, 0 exhibit folders) (Davis, C) (Entered: 04/14/2003) |

4

| 05/20/2003 | 3 | REPORT AND RECOMMENDATIONS by Magistrate Judge C M Hill that action be DISMISSED WITHOUT PREJUDICE as a successive habeas petition filed without prior authorization from the US 5th Circuit Ct of Appeals. Objections to R and R due by 6/9/03 NOE by cm (McDaniel, C) (Entered: 05/22/2003) |
|---|---|---|
| 06/17/2003 | 4 | JUDGMENT IT IS ORDERED that the instant action is DISMISSED WITHOUT PREJUDICE because the instant motion constitutes a second and successive habeas petition within the meaning of 28 USC 2244(b) filed without prior authorization of the U S Fifth Circuit Court of Appeals (signed by Judge Richard T Haik Sr) (Davis, C) (Entered: 06/18/2003) |
| 06/17/2003 | | Case closed (Davis, C) (Entered: 06/18/2003) |



UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 2 0 2003

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

| | |
|---|---|
| LLOYD J. DUPUIS | CIVIL ACTION NO. 03-529 |
| VERSUS | SECTION "P" |
| WARDEN BURL CAIN | CHIEF JUDGE HAIK |
| | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Before the Court is a "Motion for Rule 60(b)" filed March 20, 2003 by *pro se* petitioner, Lloyd J. Dupuis. By this Motion, petitioner seeks to re-open his previously dismissed federal petition for writ of *habeas corpus* pursuant to Fed.R.Civ.P. art. 60(b) based upon the Supreme Court's recent decision in *Miller-El v. Cockrell*, –U.S.–, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The case was referred to the undersigned magistrate judge for review, report and recommendation pursuant to a standing order of this court.

For the following reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** because the instant Motion constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. §2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeal.



### *Factual and Procedural Background*[1]

On June 12, 1989, following a jury trial in the Twenty-Seventh Judicial District Court of Louisiana, St. Landry Parish, Dupuis was sentenced to life in prison. The Louisiana Third Circuit Court of Appeals affirmed his conviction and sentence on February 6, 1991.

Between 1993 and 1995 petitioner filed three applications for post-conviction relief in the state district court. Each petition was ultimately denied as meritless. Petitioner admits that he only sought a supervisory writ of review with the Louisiana Supreme Court as to the denial of his third post-conviction application. That writ was denied by the state supreme court on April 25, 1997. *State ex rel. Dupuis v. State*, 692 So.2d 1080.

On February 19, 1998, petitioner filed an application for federal *habeas corpus* relief with this Court asserting the following four claims: (1) denial of due process through the introduction of inadmissable evidence; (2) denial of due process on the basis that the jury charge contained an unconstitutional definition of reasonable doubt; (3) denial of due process through the trial court's failure to instruct the jury on the defense of intoxication; and (4) ineffective assistance of counsel. *Dupuis v. Cain*, 6:98cv0302 (W.D. 1998).

Magistrate Judge Tynes issued an initial report recommending that petitioner's writ be granted after she found the state trial court's reasonable doubt jury charge

---

[1]The procedural history of this case was obtained from the instant Motion and petitioner's previously dismissed petition for federal *habeas corpus* relief, *Dupuis v. Cain*, 6:98cv0302 (W.D. 1998).

unconstitutional. District Judge Haik declined to accept the recommendation and denied petitioner's claim. Thereafter, a supplemental report and recommendation was issued recommending the dismissal of petitioner's remaining claims. That recommendation was accepted by the District Judge Haik on December 9, 1999. Accordingly, Dupuis' petition was dismissed with prejudice in its entirety.

The district court granted petitioner a certificate of appealability ("COA") only as to whether the reasonable doubt jury instruction given at petitioner's trial was constitutional. On June 26, 2000, the United States Fifth Circuit Court of Appeal denied petitioner's claim and affirmed the district court's dismissal of the federal *habeas* petition. *See Dupuis v. Cain*, No. 99-30576 (5th Cir. 1999)(unpublished). The mandate was issued on July 18, 2000.

Petitioner filed the instant Motion on March 20, 2003. In his Motion petitioner seeks to have this court "reopen" his federal petition for federal habeas corpus relief pursuant to Fed.R.Civ.P. art. 60(b). He argues that the Supreme Court's recent decision in *Miller-El v. Cockrell*, –U.S.–, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), wherein the Court found the standard by which the Fifth Circuit was evaluating COA applications to be too demanding and not in accordance with 28 U.S.C. §2253(c), entitles him to have his case reexamined. More specifically, petitioner requests that this court reexamine his reasonable doubt jury charge claim and his claim that his trial counsel was ineffective and then determine whether a COA should be issued in accordance with the *Miller-El* standard.

## LAW AND ANALYSIS

The instant Motion ignores binding Fifth Circuit authority holding that a Rule 60(b) Motion filed after the resolution of a section 2254 *habeas* petition should be construed as a second or successive *habeas* petition governed by the gate-keeping provisions of the AEDPA.   Clearly, petitioner is requesting a second review of claims presented in his previously denied federal *habeas* petition.   Accordingly, under controlling Fifth Circuit precedent, this "Motion" constitutes a second and successive federal *habeas* petition. *Kutzner v. Cockrell,* 303 F.3d 333, 338 (5th Cir.2002) ("a motion under Rule 60(b) is the equivalent of a second or successive *habeas* petition subject to the standards of section 2244(b)"); *Hess v. Cockrell,* 281 F.3d 212, 214 (5th Cir.2002) ("[w]e have stated that Rule 60(b) motions seeking to amend or alter the judgment of a first *habeas* proceeding 'should be construed as successive petitions.'");  *Fierro v. Johnson,* 197 F.3d 147, 151 (5th Cir.1999) ("[o]ur own court and other circuit courts have decided that Rule 60(b) motions should be construed as successive *habeas* petitions governed by the AEDPA's provisions"); *Dunn v. Cockrell,* 302 F.3d 491, 492 at fn. 1 (5th Cir. 2002) (noting that in "the situation in which the petitioner is using Rule 60(b) to amend or alter the judgment of a first *habeas* proceeding,...[a] Rule 60(b) motion should be treated as a successive *habeas* petition). *See also U.S. v. Rich*, 141 F.3d 550 (5th Cir. 1998) (holding that a district court may treat a federal prisoner's Rule 60(b) motion as a successive §2255 petition).

Before a petitioner can proceed with a second or successive *habeas* petition, he is required to move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A).[2]  Petitioner has not received such authorization.  Accordingly, until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.

This court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In *In Re Epps,* 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate.  The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases.  Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is transferred to that court.  *Id.*

In the instant case, petitioner fails to show that he has made any attempt to obtain authorization for the instant petition.  In light of petitioner's numerous filings in both the state and federal courts, petitioner is obviously well versed in the law and should be both aware and able to request  the appropriate authorization from the Fifth Circuit.

---

[2]Title 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to Petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. §2244(b)(3)(A). The record fails to show that petitioner has requested such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[3]

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant Motion constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. §2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. a party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten**

---

[3]Moreover, the instant petition is time barred as it was filed over one year after the expiration of the statutory one year limitation period codified at §2244(d)(1)(A) and none of the claims may be addressed under any of the statutory exceptions thereto. Additionally, the petition was filed over one year after the expiration of the jurisprudential one year grace period which expired April 24, 1997. See *Coleman v. Johnson,* 184 F.3d 398, 401 (1999); *Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir. 1998); *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d 467, 469 (5th Cir. 1999). Finally, there are no exceptional circumstances which warrant equitable tolling.

(10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers, in Lafayette, Louisiana, this the 20 day of _May_____, 2003.

UNITED STATES MAGISTRATE JUDGE
C. MICHAEL HILL

COPY SENT:
DATE: 5-22-03
BY: Crw
TO: Dupuis

COPY SENT:
DATE: 5-20-03
BY: glr
TO: CMH glr
RTH

*jab*
*Cus 6/11*

RECEIVED

MAY 2 0 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ___6-17-03___
BY _____

| | |
|---|---|
| **LLOYD J. DUPUIS** | **CIVIL ACTION NO. 03-529** |
| **VERSUS** | **SECTION "P"** |
| **WARDEN BURL CAIN** | **CHIEF JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

## JUDGEMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge filed previously herein, noting the absence of objections thereto, and after an independent review of the entire record, and concurring with the Magistrate Judge's findings under the applicable law;

**IT IS ORDERED** that the instant action is **DISMISSED  WITHOUT PREJUDICE** because the instant Motion constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. §2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

**THUS DONE AND SIGNED**, in chambers, in Lafayette, Louisiana, on this _10th_ day of _June_____, 2003.

JUDGMENT ENTERED
_6/18/03_
BY _____
COPY _____

_____
RICHARD T. HAIK
UNITED STATES DISTRICT JUDGE